REQUESTED BY: Forrest D. Chapman, Executive Director Nebraska Liquor Control Commission
Whether Neb.Rev.Stat. § 53-170.02 (Reissue 1984) is unconstitutional as a violation of the Commerce Clause of the United States Constitution?
Yes. The Nebraska affirmation statute is unconstitutional and is a violation of the Commerce Clause of the United States Constitution.
In Brown-Forman Distillers v. New York State Liquor Authority, ___ U.S. ___, 106 S.Ct. 2080 (1986), the United States Supreme Court held that a New York statute which required liquor distillers and their agents to file a price schedule each month and affirm that those prices for liquor sold to wholesalers in New York would not be higher than the lowest price at which the liquor would be sold by that distiller anywhere in the United States or the District of Columbia during that month, was violative of the Commerce Clause of the United States Constitution. Although the New York statute did not expressly regulate interstate commerce, the Supreme Court held that the "critical consideration" in the analysis of a state regulation is the "overall effect of the statute on both local and interstate activity."106 S.Ct. at 2084.
In reviewing the extraterritorial effect of the New York statute, the Supreme Court distinguished its ruling earlier in Joseph E. Seagram and Sons, Inc. v. Hostetter,384 U.S. 35, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966), from its ruling in Brown-Forman. In Seagram the Court held the previous New York affirmation statute constitutional because it was retrospective. "That law differed from the present version in that it required the distiller to affirm that its prices during a given month in New York would be no higher than the lowest price at which the item had been sold elsewhere during the previous month." 106 S.Ct. at 2085.
The prospective nature of the New York affirmation statute analyzed in Brown-Forman caused the Supreme Court to consider the "practical effects" of the statute. In so doing, the court observed that "once a distiller has posted prices in New York, it is not free to change its prices elsewhere in the United States during the relevant month. Forcing a merchant to seek regulatory approval in one State before undertaking a transaction in another directly regulates interstate commerce." 106 S.Ct. at 2086.
The Nebraska affirmation statute, Neb.Rev.Stat. § 53-170.02 (Reissue 1984), states that:
No licensed manufacturer or importer shall sell or offer to sell to any Nebraska wholesaler, distributor, or jobber an item of alcoholic liquor, except wine and beer at a price which is higher than the lowest price at which such item is currently being sold or offered for sale to any wholesaler, distributor, or jobber in any other state or the District of Columbia or to any state agency. (Emphasis added.) Nebraska has a "simultaneous" affirmation statute. Licensed manufacturers or importers of liquor into Nebraska are required to affirm on a monthly basis that the prices they charge licensed wholesalers, distributors, or jobbers comply with the pricing requirements of the statute.
South Carolina, like Nebraska, had a "simultaneous" affirmation statute. The South Carolina statute's constitutionality was challenged in the wake of Brown-Forman, supra.
On September 8, 1986, the United States District Court for the District of South Carolina ruled in Brown-Forman v. South Carolina Alcoholic Beverage Control, 643 F. Supp. 943
(D.S.C. 1986), that the South Carolina statute violated the Commerce Clause of the United States Constitution and was unconstitutional. The court's analysis focused on the restrictions which were placed on producers. To comply with the South Carolina statute a producer who wished to lower the price of an item in another state would be required to also reduce the price of the same item in South Carolina. The "practical effect" of such a requirement was to give an "extraterritorial" effect to the South Carolina statute because a producer's decision to lower prices in one state is restrained by the knowledge that an equivalent price reduction will be required in another state. Thus, the producer is required to forego the comparative advantage in one state because of the consequences of that act in another state. Such a restriction on marketing constitutes the violation which the United States Supreme Court sought to eliminate in Brown-Forman, supra.
Based upon the similarity of the South Carolina and Nebraska affirmation statutes and the foregoing court decisions, it is our determination that Neb.Rev.Stat. §53-170.02 (Reissue 1984) is unconstitutional as a violation of the Commerce Clause of the United States Constitution.
Sincerely,
ROBERT M. SPIRE Attorney General
Susan M. Ugai Assistant Attorney General